```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION
```

CASSIM IGRAM, D.O.            }
                              }
     Plaintiff,                }
                              }       CIVIL ACTION NO.
v.                            }
                              }       99-AR-1703-S
LINDA RECTOR PAGE, et al.,    }
                              }
     Defendants.              }
                              }

FILED AUG 27 PM 12:33 U.S. DISTRICT COURT N.D. OF ALABAMA

ENTERED AUG 27 1999

## MEMORANDUM OPINION

Presently before the court is a motion to quash the subpoena duces tecum that was issued and served on Clayton College of Natural Health, Inc. ("Clayton"), by and on behalf of plaintiff, Cassim Igram ("Igram"), on June 19, 1999. For the reasons hereinafter stated, the motion, to the extent not moot, is due to be denied.

### Background

In his amended complaint, Igram sued plaintiff Linda Rector Page, et al., ("Page") for copyright infringement, unjust enrichment, common law unfair competition, and claims under the Illinois Uniform Deceptive Trade Practices Act. On June 9, 1999, Igram issued a non-party subpoena that was subsequently served on Clayton. The subpoena seeks documents relating to Page who was a

student and is currently an adjunct professor at Clayton College. Clayton filed a non-party motion to quash Igram's subpoena duces tecum on June 30, 1999. Briefs in support and opposition were subsequently filed.

### Discussion

In its motion to quash, Clayton objected to requests for production numbers 3, 17, 18, and 19. In its recent reply in support of motion to quash, filed August 24, 1999, Clayton now states that it has complied with request number 3. In addition, while continuing to object to requests numbers 18 and 19, Clayton states that it has no documents whatsoever responsive to these requests. Clayton cannot provide what it does not have and has thus complied with requests numbers 18 and 19.

Thus, the only request still in contention is request number 17, which seeks from Clayton inspection and copying of "All documents concerning your accreditation by public and private organizations including, but not limited to, former and current accreditation applications and correspondence, former and current accreditation documents."

Clayton argues that (1) the materials are confidential and proprietary, and (2) the materials are irrelevant and not calculated to lead to the discovery of admissible evidence.

In response, Igram argues that the accreditation of the

school is relevant. Page raises affirmative defenses against copyright infringement, including a) that she wrote the material, and b) that the material, to the extent that it is similar or identical to Igram's work, comes from previously written common sources. Igram contends that because Page raises such affirmative defenses, she claims, in effect, that she possesses a certain high level of expertise. Igram argues that he has a right to investigate the qualifications of the school she claims provided her with that level of expertise. Igram argues that material to be used for impeachment purposes, such as the material in question here, is within the ambit of relevant discovery.

This court harbors serious doubts as to the relevance of the accreditation of Clayton College in proving Igram's case of copyright infringement against Page. Nonetheless, this court is mindful of its limited role in these proceedings, and it is reluctant to make decisions best left to the court with primary responsibility. As the Federal Circuit pointedly stated:

> A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . the court should be permissive.

*Truswal Systems Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987).

An appropriate order denying the motion will be entered separately.

DONE this 27th day of August, 1999.

William M Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE